**SO ORDERED.**

**SIGNED this 20 day of July, 2012.**

J. Rich Leonard

**J. Rich Leonard**
**United States Bankruptcy Judge**

_____

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NORTH CAROLINA**
**NEW BERN DIVISION**

**IN RE:**

**GRASSROOTS CUSTOM LANDSCAPING,**
**INC.,**
        **DEBTOR.**

**CASE NO. 09-00110-8-RDD**

**CHAPTER 7**

**GEORGE MASON OLIVER, Chapter 7 Trustee**
**for Grassroots Custom Landscaping, Inc.,**

        **PLAINTIFF**

            **v.**

**DUKE UNIVERSITY and DUKE UNIVERSITY**
**HEALTH SYSTEM, INC.,**

        **DEFENDANTS.**

**ADVERSARY PROCEEDING**
**NO. 11-00340-8-JRL**

**ORDER**

This matter came before the court on a motion to dismiss the adversary proceeding filed

by Duke University and Duke University Health Systems, Inc. (collectively, "the defendants").

A hearing was held on June 27, 2012 in New Bern, North Carolina.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984.

## BACKGROUND

On July 1, 2007, Grassroots Custom Landscaping, Inc. ("the debtor") entered into a Master Agreement for Ground Maintenance ("Agreement") with the defendants, whereby the debtor would provide monthly grounds maintenance to the Duke University Marine Laboratory of the Nicholas School of the Environment in Beaufort, North Carolina.  The Agreement was set to expire on June 30, 2008, and the debtor and the defendants extended the initial Agreement through June 30, 2009.

Under the Agreement, the defendants were to pay the debtor $4,030.00 per month for ground maintenance services on a "Net 30 days" schedule.  In the first year of the Agreement, the plaintiff alleges that the debtor provided the defendants with more mulch than was required under the Agreement in response to a verbal request by Donald R. Lane, Jr. ("Mr. Lane"), a representative of the defendants who was employed as the Building and Grounds Superintendent, to J. Todd Whitaker, principal of the debtor.  On August 15, 2008, Mr. Lane allegedly made an identical request in the second year of the Agreement when he "ordered an additional 220 yards of mulch" from the debtor.  The installation of the additional mulch was completed on October 15, 2008.  On October 27, 2008, Mr. Lane sent a letter terminating the Agreement with an effective date of November 30, 2008.  The defendants made monthly payments on time in July, August, and September of 2008.

2

On November 20, 2008, the debtor, through legal representation, demanded payment in full for $27,500.00, the total amount owed for additional materials supplied during the Agreement but not paid because of the early termination of the Agreement.  The debtor also attached an invoice to the demand, detailing the individual billed items.  The invoice reduced the amount per unit of the 220 yards of mulch from $62.72 per unit to $56.81 per unit and included a line item for "fertilizer rye grass" at a cost of $2,500.00.  In addition, the invoice included a charge for the 220 yards of mulch for 2007, which was supplied in excess of the amount provided for in the Agreement per Mr. Lane.  The debtor credited the defendants with $1,150.00 per month for the three months of payments received during July, August, and September of 2008 for mulch and other materials supplied prior to the termination of the Agreement.  The $1,150.00 was a portion of the $4,030.00 monthly payment.  The debtor contends that it conveyed a benefit to the defendants in the amount of $25,000.00 over two years by supplying mulch in excess of what the Agreement required.  In addition, the debtor incurred an expense of $2,500.00 for other materials, which it was not compensated because of the early termination of the Agreement.

On January 7, 2009, the debtor filed a voluntary petition pursuant to chapter 11 of the Bankruptcy Code.  The debtor filed a motion to convert its case from a chapter 11 to chapter 7 on June 11, 2010, and the court granted the motion on July 8, 2010.  On October 24, 2011, George Mason Oliver, the chapter 7 trustee of the debtor, ("the plaintiff") filed a complaint and commenced the present adversary proceeding.  On March 15, 2012, the plaintiff filed an Amended Complaint against the defendants for unjust enrichment and breach of contract.  On March 23, 2012, the defendants filed a motion to dismiss the adversary proceeding pursuant to

3

Rule 7012 of the Federal Rules of Bankruptcy Procedure and Rule 12(b)(6) of the Federal Rules

of Civil Procedure.  The plaintiff filed a response to the motion to dismiss on April 16, 2012.

## STANDARD OF REVIEW

"A pleading that states a claim for relief must contain "a short and plain statement of the

claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2) (2012).  The

statement must contain "enough facts to state a claim to relief that is plausible on its face." Bell

Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).  "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a

complaint for failure to state a claim upon which relief can be granted." In re Caremerica, Inc.,

409 B.R. 737, 747 (citing Fed. R. Civ. P. 12(b)(6); Fed. R. Bankr. P. 7012(b).  "In order to

survive a motion to dismiss, a plaintiff must provide 'more than labels and conclusions, and a

formulaic recitation of the elements of the cause of action will not do.'" Id.  at 745 (quoting Atl.

Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

## ANALYSIS

The defendants contend that the Amended Complaint fails to state a claim upon which

relief can be granted and therefore should be dismissed pursuant to Rule 12(b)(6).  Specifically,

the defendants assert that the Amended Complaint fails to allege facts sufficient to show that

they are entitled to relief based either on a theory of unjust enrichment or breach of contract.[1]  In

---

[1] In their motion to dismiss, the defendants requested that the court dismiss "any claim in the Amended
Complaint based on mulch allegedly provided in 2006 with prejudice."  In particular, the defendants assert that any
claim based on mulch provided in 2006 is barred by the statute of limitations.  During the hearing, the plaintiff
proffered that the "220 yards mulch additional for 2006;" as referenced in the November 2008 invoice as well as in

response, the plaintiff asserts that the two theories are pled in the alternative on behalf of the debtor against the defendants.

## Unjust Enrichment

First, the defendants contend that the Amended Complaint should be dismissed because the plaintiff cannot recover under an unjust enrichment theory where the parties had an express contract covering the transactions.  Further, the defendants contend that the Agreement between the plaintiff and the defendants expressly provided a procedure for procuring any additional materials needed.  Specifically, the Agreement requires the plaintiff to receive the "written authorization of [Duke] University's Procurement Services" for additional materials.  In response, the plaintiff argues that the motion to dismiss should be denied because Mr. Lane's two verbal requests for additional mulch were not covered by the Agreement but were separate oral contracts, which were not intended to supplement or modify the Agreement.

"The doctrine of unjust enrichment was devised by equity to exact the return of, or payment for, benefits received under circumstances where it would be unfair for the recipient to retain them without the contributor being repaid or compensated."  Homeq v. Watkins, 154 N.C. App. 731, 733, 572 S.E.2d 871, 873 (2002) (citations omitted).  In order to properly state a claim for unjust enrichment, "a plaintiff must allege that property or benefits were conferred on a defendant under circumstances which give rise to a legal or equitable obligation on the part of the defendant to account for the benefits received, but that the defendant has failed to make restitution for the property or benefits."  Norman v. Nash Johnson & Sons' Farms, Inc., 140 N.C. App. 390, 417, 537 S.E.2d 248, 266 (2000).  "Only in the absence of an express agreement of the

---

the Amended Complaint, were scrivener's error and should have reflected the correct year of 2007.  For these reasons, the motion to dismiss based on mulch provided in 2006 is not addressed as part of this order.

parties will courts impost a quasi contract or a contract implied in law in order to prevent an unjust enrichment." Whitfield v. Gilchrist, 348 N.C. 39, 42, 497 S.E.2d 412, 415 (1998).

In the case at bar, the Amended Complaint specifically alleges that Donald R. Lane, Jr., a representative of the defendants who was employed as the Building and Grounds Superintendent, made two separate verbal requests to a principal of the debtor for additional mulch. The first request was made during the 2007-2008 year of the Agreement, and an additional request was made in 2008-2009, the second year of the Agreement. While the debtor and the defendants had entered into an express contract for provision of grounds maintenance and landscaping services, the plaintiff contends that these requests made by the defendants' agent for additional mulch were not covered by the Agreement. Under North Carolina law, "[t]he power of an agent . . . to bind his principal, may include, not only the authority actually conferred, but the authority implied as usual and necessary to the proper performance of the work entrusted to him[.]" Powell & Powell v. King Lumber Co., 168 N.C. 632, 635, 84 S.E.2d 1032, 1033 (1915). Further, the plaintiff specifically alleges that the defendants received a benefit of $24,050.00, which the debtor has not been compensated for conferring. Given the allegations pled in the Amended Complaint, the court finds that the plaintiff has alleged sufficient facts to state a claim for restitution based on the theory of unjust enrichment and to withstand a motion to dismiss.

## Breach of Contract

In the alternative, the defendants contend that the Amended Complaint should be dismissed for failure to allege any breach by the defendants of the Agreement. In particular, the defendants argue that the Amended Complaint is void of any allegation stating exactly which provision of the Agreement that the defendants allegedly breached. In response, the plaintiff

6

argues that the Amended Complaint specifically alleges a breach of contract claim.  Specifically, the Amended Complaint claims that the defendants "breached the terms and conditions of the contract by failing to pay for services rendered within thirty days of receiving an invoice for those services when it failed to remit payment after receipt of the November 2008 invoice."

"The elements of a claim for breach of contract are (1) existence of a valid contract and (2) breach of the terms of that contract."  Poor v. Hill, 138 N.C. App. 19, 26, 530 S.E.2d 838, 843 (2000).  No contract is formed without an agreement to which at least two parties manifest an intent to be bound.  Parker v. Glosson, 182 N.C. App. 229, 232, 641 S.E.2d 735, 737 (2007) (citation omitted).  "In an action for breach of a . . . contract . . . the complaint must allege the existence of a contract between plaintiff and defendant, the specific provisions breached, the facts constituting the breach, and the amount of damages resulting to plaintiff from such a breach."  Cantrell v. Woodhill Enterprises, Inc., 273 N.C. 490, 497, 160 S.E.2d 476, 481 (1968). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff could prove no set of facts in support of his claim which would entitle him to relief."  Dixon v. Stuart, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

In the case *sub judice*, the Amended Complaint alleges that the debtor and the defendants entered into an Agreement for the provision of monthly grounds maintenance services, whereby the defendants would pay the debtor $4,030.00 monthly in exchange for the services.  The plaintiff alleges that it provided the contractual grounds maintenance services and installed additional mulch at the request of the defendants' agent.  However, the debtor was not fully compensated for the services and additional mulch.  In particular, the defendants allegedly still owe the debtor $27,500.00 for materials supplied during the contract but not paid for because of

the early termination of the Agreement.  The plaintiff specifically claims in its Amended

Complaint that the defendants "breached the terms and conditions of the contract by failing to

pay for services rendered within thirty days of receiving an invoice for those services when it

failed to remit payment after receipt of the November 2008 invoice."  The court finds that the

Amended Complaint provided sufficient facts to satisfy the elements of a breach of contract and

sufficient to withstand a motion to dismiss.

## CONCLUSION

Based on the foregoing, the defendants' motion to dismiss is **DENIED**.

## END OF DOCUMENT